UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRENDA BIRD,

                 Plaintiff,              <u>MEMORANDUM & ORDER</u>
                                          12-CV-3007(JS)(ETB)
       -against-

PRESSLER AND PRESSLER, L.L.P.,

                 Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Lawrence Katz, Esq.
                  445 Central Avenue, Suite 201
                  Cedarhurst, NY 11516

For Defendant:      Mitchell Lee Williamson, Esq.
                  Pressler and Pressler, L.L.P.
                  7 Entin Road
                  Parsippany, NJ 07054

SEYBERT, District Judge:

        Currently pending before the Court is Defendant Pressler and Pressler, L.L.P.'s ("Defendant") motion for judgment on the pleadings. For the following reasons, Defendant's motion is GRANTED.

BACKGROUND[1]

        Plaintiff Brenda Bird ("Plaintiff") commenced this purported class action on June 15, 2012 for damages arising from Defendant's alleged violation of 15 U.S.C. § 1692 <u>et</u> <u>seq.</u>, the Fair Debt Collection Practices Act ("FDCPA").

---

[1] The following facts are taken from Plaintiff's Complaint and the documents incorporated therein by reference and are presumed to be true for the purposes of this Memorandum and Order.

Plaintiff alleges that on February 22, 2012, Defendant sent Plaintiff a collection letter (the "Collection Letter"), stating that Plaintiff owed a debt in the amount of $1,189.17. (Compl. ¶¶ 21, 23, Ex. A.)  Thereafter, Defendant commenced suit against Plaintiff (the "State Court Action") seeking to collect an amount greater than that stated in the letter.  (Compl. ¶ 23.)

Plaintiff apparently does not dispute Defendant's somewhat more detailed factual account.  According to Defendant, it filed the State Court Action in Nassau County under the caption <u>MSW Capital, L.L.C. v. Brenda Bird</u>, Index No. CV-12619-12.  (Def. Br., Docket Entry 13-1, at 1.)  As part of that case, Defendant pled two causes of action.  (Def. Br. at 1.)  In both, Defendant claimed that the amount due and owing was $1,189.17--the same amount asserted in the Collection Letter.  (Def. Br. at 1.)  However, in the "wherefore" clause of each claim, Defendant requested pre-judgment interest under N.Y.C.P.L.R. 5001 in the amount of $94.12.  (Def. Br. at 1-2.)

Plaintiff claims that such actions "constitute false and deceptive practices and specifically violate § 1692g as well as constitute false and deceptive practices and therefore violate § 1692e."  (Compl. ¶ 24.)

<u>DISCUSSION</u>

Defendant now moves for judgment on the pleadings, essentially arguing that it did not engage in deceptive practices because pre-judgment interest is a type of relief available only after a lawsuit has been filed and, at the time it sent the Collection Letter, there was no lawsuit pending. The Court will first address the applicable legal standard before turning to the merits of Defendant's motion.

I. <u>Legal Standard</u>

The standard for evaluating a motion for judgment on the pleadings, pursuant to Rule 12(c), is the same as the standard for a motion to dismiss under Rule 12(b). <u>See</u> <u>Karedes v. Ackerley Grp., Inc.</u>, 423 F.3d 107, 113 (2d Cir. 2005). In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); <u>accord</u> <u>Harris v. Mills</u>, 572 F.3d 66, 71-72 (2d Cir. 2009). <u>First</u>, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678; <u>accord</u> <u>Harris</u>, 572 F.3d at 72. <u>Second</u>, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. <u>Iqbal</u>,

556 U.S. at 679.  Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.; accord Harris, 572 F.3d at 72.

Furthermore, in deciding the current motion, the Court is confined to "the allegations contained within the four corners of [the] complaint."  Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).  This has been interpreted broadly to include any document attached to the Complaint, any statements or documents incorporated in the Complaint by reference, any document on which the Complaint heavily relies, and anything of which judicial notice may be taken.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II.  Defendant's Motion

The stated purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors."  15 U.S.C. § 1692.  "To that end, the FDCPA mandates that when a debt collector solicits payment from a consumer, the debt collector must provide a written validation notice stating, among other things, the amount of the debt sought."  Weiss v. Zwicker & Assocs., P.C., 664 F. Supp. 2d 214, 216 (E.D.N.Y. 2009) (citing 15 U.S.C. § 1692g).  Furthermore, Section 1692e

4

prohibits the false representation of the "character, amount, or legal status of any debt."  15 U.S.C. § 1692e(2)(A).

Defendant maintains that its request for pre-judgment interest under N.Y. C.P.L.R. 5001 was not a false or misleading representation of the amount of the debt because the Collection Letter "contains an accurate statement of the 'amount of the debt'" and a prayer for relief of pre-judgment interest in the State Court Action does not otherwise violate the FDCPA.  The Court agrees.

In determining whether Defendant has complied with the requirements of the FDCPA, "courts apply an objective standard, measured by how the 'least sophisticated consumer' would interpret the debt collector's notice."  Weiss, 664 F. Supp. 2d at 216.  This standard "seeks to protect the naive from abusive practices . . . while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters."  Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal quotation marks and citation omitted).  Neither the Collection Letter, the State Court Action Complaint, nor the combination thereof would confuse or mislead even the least sophisticated consumer.

The amount owed stated in the Collection Letter was not false because Defendant had not yet commenced any legal action.  In fact, Defendant presumably did not include any

reference to potential legal action or pre-judgment interest for fear of violating the FDCPA. See Weiss, 664 F. Supp. 2d at 217 (collection letter which stated that balance may include additional charges violated 15 U.S.C. § 1692g).

Moreover, the prayer for relief of pre-judgment interest is a request upon the Court. See Argentieri v. Fisher Landscapes, Inc., 15 F. Supp. 2d 55, 61 (D. Mass. 1998) ("A prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party--the court--for consideration, not a demand to the debtor himself."). It is not a representation of a sum certain. See Leone v. Credit Card Receivables Fund Inc., No. 09-CV-21612, 2009 WL 8477347, at *4 (S.D. Fla. Nov. 6, 2009) (least sophisticated debtor would understand request for attorneys' fees is what the plaintiff would like the court to conclude is reasonable); see also Scioli v. Goldman & Warshaw P.C., 651 F. Supp. 2d 273, 280 (D.N.J. 2009) ("[E]ven the least sophisticated debtor could not reasonably believe that he owed . . . Statutory Attorney's Fee[s] . . . . An unsophisticated debtor is presumed to have read the summons and complaint, and after reading those documents, he could only conclude that Goldman had initiated a lawsuit seeking the amounts itemized on the summons." (emphasis in original)).

In opposition, Plaintiff argues that the interest rate as provided in the credit card agreement governs, and therefore Defendant erroneously seeks pre-judgment interest under N.Y. C.P.L.R. 5001. (Pl. Opp. Br., Docket Entry 14, at 2-3.) Theoretically, an attempt to collect an amount to which the debt collector is not legally entitled may potentially violate the FDCPA. See Scioli, 651 F. Supp. 2d at 276 ("If recovery of both [contractual and statutory attorneys fees] is not permitted, then Goldman apparently does not dispute that seeking to recover both is a 'false representation of . . . compensation which may be lawfully received by any debt collector for the collection of a debt . . ." (quoting 15 U.S.C. § 1692e(2)(B))).

However, the Complaint, as currently drafted, does not state a claim in this regard as there are no factual allegations about a credit card agreement at all or any reference to N.Y. C.P.L.R. 5001. Nowhere in the Complaint does Plaintiff specify the underlying source of the debt, the terms of any credit card agreement, or the interest rate purportedly applicable under such an agreement. Nor does the Complaint in any way allude to a claim that Defendant misrepresented the amount to which it is lawfully entitled. Rather, the claim is that Defendant seeks an amount in the State Court Action greater than the amount stated in the Collection Letter. (Compl. ¶ 23.)

Accordingly, the Complaint does not state a claim upon which relief can be granted and Defendant's motion for judgment on the pleadings is GRANTED.

### CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED.

However, the Second Circuit has stated that "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Thus, and although Plaintiff has not specifically sought leave to amend the Complaint, the Court grants Plaintiff leave to do so. If Plaintiff choses, she must file an amended complaint on or before June 24, 2013.

If Plaintiff does not file an amended complaint by June 24, 2013, this case will be dismissed with prejudice and closed.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    May __29__, 2013
          Central Islip, NY